IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF AUSTIN, et al., | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:20-CV-138-RP |
| KINDER MORGAN TEXAS PIPELINE, LLC, et al., | | |
| Defendants. | | |

**ORDER**

Before the Court is Plaintiffs City of Austin, City of San Marcos, Travis County, Hays County, Barton Springs Edwards Aquifer Conservation District, Larry Becker, Arlene Becker, Jonna Murchison, and Mark Weiler's (collectively, "Plaintiffs") Opposed Motion Requesting Emergency Hearing. (Dkt. 11). Defendants Kinder Morgan Texas Pipeline, LLC and Permian Highway Pipeline, LLC (collectively, "Defendants") filed a response in opposition. (Dkt. 12). Having considered Plaintiffs' motion and Defendants' response, the Court will deny Plaintiffs' motion for emergency hearing.

Plaintiffs filed their opposed motion for preliminary injunction, 48-page memorandum[1] in support, and opposed motion requesting an emergency hearing just before close of business on Friday, February 7, 2020. (Mot. Prelim. Inj., Dkt. 9; Mem., Dkt. 12; Mot. Hr'g, Dkt. 11). Plaintiffs request "an emergency hearing" on their application for preliminary injunction prior to February 15, 2020. (Mot. Hr'g., Dkt. 11, at 2). Defendants oppose Plaintiffs' motion for emergency hearing, noting that Plaintiffs seek a "TRO-like" expedited hearing on their application before Defendants' opposition would be due under the local rules. (Resp., Dkt. 12, at 1); *see also* W.D. Tex. Loc. R. CV-

---

[1] The Court reminds Plaintiffs that nondispositive motions under the local rules are limited to 10 pages unless otherwise authorized by the Court. *See* W.D. Tex. Loc. R. CV-7(d). Should Plaintiffs wish to exceed the page limits imposed by the local rules in the future, they must request leave to do so. *See id.*

1

7(e) (response to a nondispositive motion is due 7 days after the filing of the motion). Defendants contend that holding a preliminary injunction hearing at this juncture—before Defendants have "adequate time to mount a defense and response to the arguments, authorities and evidence in Plaintiffs' briefing"—would "materially prejudice" them. (Resp., Dkt. 12, at 1). The Court agrees.

Unlike an application for a temporary restraining order ("TRO"), a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "This requirement means that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Mendenhall v. Hughes*, 487 F. App'x 132, 133 (5th Cir. 2012); *see also Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citing *Commerce Park at DFW Freeport v. Mardian Construction Co.*, 729 F.2d 334, 342 (5th Cir. 1984)). The animating principle behind the notice requirement is to give the nonmoving party a fair opportunity to oppose the preliminary injunction.

Here, though Plaintiffs ask for an "emergency hearing," they have moved for a preliminary injunction—not a TRO—and the notice requirement of Rule 65 applies. Fed. R. Civ. P. 65(a)(1). Given Plaintiffs' voluminous briefing, the Court declines to set a hearing in this case before Defendants have the opportunity to meaningfully respond to Plaintiffs' motion. Accordingly, **IT IS ORDERED** that Plaintiffs' motion requesting emergency hearing, (Dkt. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties appear by phone for a telephone conference on **Wednesday, February 12, 2020 at 3:30 p.m**. Counsel for Plaintiffs shall be responsible for coordinating the call and providing dial-in information at least 24 hours in advance to opposing counsel and to the Courtroom Deputy at julie_golden@txwd.uscourts.gov. The parties should be prepared to set a date for a preliminary injunction hearing and to discuss an appropriate briefing schedule.

**SIGNED** on February 10, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE