UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF AUSTIN, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| vs. | § | Case No. 1:20cv00138-RP |
| | § | |
| KINDER MORGAN TEXAS | § | |
| PIPELINE, LLC, *et al.*, | § | |
|     *Defendants*. | § | |

**ORDER**

The Court has before it Plaintiffs' Application for Temporary Restraining Order ("TRO Application"). Notice of the TRO Application has been provided to counsel for both the private Defendants, Kinder Morgan Pipeline, LLC ("KMTP") and Permian Highway Pipeline, LLC ("Permian LLC) (sometimes collectively, "Private Defendants"), and the federal Defendants ("Federal Defendants"). Private Defendants oppose the TRO Application. Federal Defendants have not yet stated a position. Having considered the matters raised by Plaintiffs and Defendants on the question whether the requested temporary restraining order should issue, and following a telephonic conference February 12, 2020, the Court determines as follows under Rule 65(d) of the Federal Rules of Civil Procedure:

    1.    Plaintiffs' TRO Application is GRANTED.

    2.    Pending disposition of Plaintiffs' Application for Preliminary Injunction (Dkt. 9), or until further order of this Court (whichever occurs earlier), Private Defendants KMTP and Permian LLC, along with their officers, employees, and agents, are ENJOINED from undertaking any physical activity involving land disturbance or tree or other vegetative clearing along or in the right-of-way or in any temporary work space related to this right-of-way in furtherance of

the natural gas pipeline known as the Permian Highway Pipeline, but as to the following Texas counties only: Kimble, Gillespie, Blanco, and Hays.

3. The Court has determined that the Plaintiffs are likely to prevail on the merits of their claims that Defendants have violated the requirements of: (a) the Endangered Species Act, 16 U.S.C. §1531 *et seq* ("ESA"); and (b) the National Environmental Policy Act, 42 U.S.C. §4321 *et seq.* ("NEPA"). The ESA makes it unlawful for any person to take any member of an endangered species with two narrow exceptions. Plaintiffs have established for this stage of the proceedings that Private Defendants KMTP and Permian LLC have not secured the requisite permit for to qualify for exception to the take prohibition with respect to a substantial portion – as much as 95% – of their proposed pipeline activities in these four Counties. NEPA is a procedural statute that requires agencies such as Federal Defendants to take a "hard look" in advance at the anticipated environmental consequences of their major federal actions. Plaintiffs have established for this stage of the proceedings that Federal Defendants have not met this "advanced hard look" requirement imposed by NEPA.

4. Plaintiffs have also established that there is a substantial threat that they will suffer irreparable injury if this injunction is not granted. Plaintiffs have established that they will be irreparably harmed as a consequence of the environmental damage Private Defendants' clearing and construction activity will inflict on endangered species and their habitats, mature oak forests threatened by encroaching oak wilt, and aquatic resources flowing from the Edwards Aquifer and its recharge zones. Plaintiffs' aesthetic, recreational, conservation and financial interests will be irreparably harmed if Private Defendants proceed with the earth-disturbing clearance and construction activities that Private Defendants have indicated they will undertake before hearing on, and disposition of, Plaintiffs' Application of Preliminary Injunction in this case in the

absence of a temporary restraining order prohibiting such activities in the interim between now and the preliminary injunction hearing.

5. The threatened injury to Plaintiffs outweighs any harm that might befall Private Defendants. The harm to the environment and Plaintiffs' interests in particular environmental resources that will follow in the absence of a court order is likely irremediable, whereas the harm, if any, to Private Defendants if a temporary restraining order issues is modest and mostly of the Private Defendants' own making. Private Defendants had ample opportunity to seek a Section 10 ITP, and to subject the proposed PHP route to NEPA review. Ultimately, this Court is not called on to determine whether the construction of the PHP should ultimately proceed through these four Counties, only whether it can proceed without the benefit of Congressionally mandated environmental reviews.

6. Issuance of this restraining order will not disserve the public interest. Congress has firmly established the public interest in protecting endangered species, and the public also has a substantial interest in agencies planning to undertake significant construction activities in environmentally fragile areas being compelled, as NEPA requires, to take a comprehensive advance look at the environmental consequences of their planned actions.

7. The Court exercises its discretion to not require Plaintiffs to provide security under Rule 65(c) of the Federal Rules of Civil Procedure.

8. A hearing on Plaintiffs' Application for Preliminary Injunction is scheduled to commence at _____ o'clock on February ___, 2020.

SIGNED this _____ day of February, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE